IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | COMPLAINT |
| | ) ) | JURY TRIAL DEMAND |
| JOE'S OLD FASHIONED BAR-B-QUE, INC. d/b/a LANCASTER'S BBQ & WINGS | ) ) ) | |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race and to provide appropriate relief to Shana Knox ("Knox"), who was adversely affected by such practices. Plaintiff, the U.S. Equal Employment Opportunity Commission ("the Commission"), alleges Defendant, Joe's Old Fashioned Bar-B-Que, Inc. d/b/a Lancaster's BBQ & Wings ("Defendant"), subjected Knox to a racially hostile work environment based on her race, black. The Commission further alleges Defendant constructively discharged Knox. The Commission also alleges that since at least November 30, 2017, Defendant has failed to preserve employment records as required by the Commission.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title

1

VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000E-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina.

## PARTIES

3. Plaintiff is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000E-5(f)(1) and (3).

4. At all relevant times, Defendant, a North Carolina corporation headquartered in Mooresville, North Carolina, has continuously been doing business in the State of North Carolina and the City of Mooresville, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C.§§2000e (b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Knox filed a charge with the Commission alleging violations of Title VII by Defendant. Defendant responded to Knox's charge and participated in all aspects of the Commission's administrative investigation.

7. On April 10, 2018, the Commission issued a Determination finding reasonable cause to believe Defendant violated Title VII, and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Determination.

9. Defendant participated in the Commission's conciliation efforts.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On August 30, 2018, the Commission issued a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

Racially Hostile Work Environment / Constructive Discharge

13. As described in greater detail below, from in or before July 2016 through at least January 20, 2017, Defendant engaged in unlawful employment practices at its facility in Mooresville, North Carolina (the "Facility") in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Specifically, Defendant subjected Knox to a racially hostile work environment because of her race, black, while she was employed by Defendant.

14. Knox began working for Defendant in the carryout area of the Facility in or around March 2016.

15. A few months after she began working for Defendant, Knox began to be subjected to racial harassment by a coworker (hereafter "Coworker"), who is Caucasian.

16. Throughout Knox's employment, on a daily or near daily basis, the Coworker made racist statements to Knox or in Knox's presence. The conduct included among other things, using the word "nigger" in front of Charging Party and making racial jokes.

17. The racially offensive conduct of the Coworker was not welcomed by and was offensive to Knox. On multiple occasions during her employment, Knox complained to

management, including the Kitchen Manager and the General Manager, about the Coworker's racially harassing conduct.

17. Defendant knew or should have known about the Coworker's conduct because the Kitchen Manager observed it and because Knox complained to management.

18. Defendant failed to take prompt and effective action to stop the racial harassment of Knox by Coworker.

19. On or about January 20, 2017, the Coworker threw hot barbeque sauce on Knox and directed racial slurs and comments toward Knox, including calling her "nigger."

20. The January 20, 2017 incident was witnessed by at least one manager whose title is believed to be the Front of the House Manager, who did not intervene.

21. When the General Manager arrived at the facility on or about January 20, 2017, Knox told him that the Coworker was still making racist comments toward her and had directed threats and profanities at her during the January 20, 2017 incident.

22. Knox resigned her employment on January 20, 2017.

23. The effect of the practices complained of above has been to deprive Knox of equal employment opportunities and otherwise adversely affect her status as an employee because of her race, black.

24. The unlawful employment practices complained of above were intentional.

25. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Knox.

Failure to Preserve Records

27. Since at least November 30, 2017, Defendant has failed, in violation of Section 709 (c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed.

28. Specifically, Defendant had a practice or policy of retaining personnel records for only six months whereas Defendant is required to keep records for at least one year.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from maintaining a racially hostile work environment, and from retaliating against employees who oppose unlawful discrimination, make a charge of unlawful discrimination or participate in an investigation of unlawful discrimination.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for black employees, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Knox whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement or front pay.

D. Order Defendant to make Knox whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, in amounts to be determined at trial.

E. Order Defendant to make Knox whole by providing compensation for past and future nonpecuniary losses, resulting from the unlawful practices described above including, but not limited to, emotional pain, suffering, inconvenience, humiliation, loss of enjoyment of life, loss of self-esteem, loss of civil rights, and other non-pecuniary losses, in amounts to be determined at trial.

F. Order Defendant to pay Knox punitive damages for its intentional, malicious and/or reckless conduct, as described above, in amounts to be determined at trial.

G. Order Defendant to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with Section 709(c) of Title VII, 42 U.S.C. § 2000e-8 (c).

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted this 7th day of November 2018.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
131 M. Street, NE
Washington, D.C. 20507

/s/ Lynette A. Barnes
LYNETTE A. BARNES (N.C. Bar No. 19732)
Regional Attorney

YLDA MARISOL KOPKA
(IL Bar No. 6286627)
Supervisory Trial Attorney


/s/ Stephanie H. Webster
STEPHANIE H. WEBSTER (N.C. Bar No. 12164)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: 704.954.6471
Facsimile: 704.954.6412
Email: STEPHANIE.WEBSTER@EEOC.GOV

**ATTORNEYS FOR PLAINTIFF**