IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:18-CV-00180-KDB-DSC

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>  and<br><br>SHANA KNOX,<br><br>        Intervenor,<br><br>  v.<br><br>JOE'S OLD FASHIONED BAR-B-QUE, INC. d/b/a LANCASTER'S BBQ & WINGS,<br><br>        Defendant. | **ORDER** |

**THIS MATTER** is before the Court following the pretrial conference held on Thursday, September 17, 2020 and upon the parties' motions in limine (Doc. Nos. 50, 53, 54, 55, 75) and the EEOC's objection to Defendant's witness list and exhibit list (Doc. No. 71). As stated in open court and upon review of the documents submitted for *in camera* review, the Court **ORDERS** that:

(1) Defendant's Motion in Limine to exclude evidence of Lancaster's net worth, wealth income or similar information, (Doc. No. 50), is **GRANTED;**

(2) Defendant's Motion in Limine to exclude the contents, results, or opinions of the EEOC investigation, (Doc. No. 50), is **DENIED** as to Defendant's Position Statement, but **GRANTED** with respect to the other investigative materials, including the EEOC's final determination letter;

1

(3) Defendant's Motion in Limine to exclude evidence of Lancaster's liability insurance, (Doc. No. 50), is **GRANTED;**

(4) Defendant's Motion in Limine to exclude expert testimony on liability issues, (Doc. No. 50), is **GRANTED**;

(5) Defendant's Motion in Limine to exclude any Reptile Theory, Golden Rule or Conscience of the Community suggestions or references, (Doc. No. 50), is **DEFERRED** and the Court will reserve ruling on arguments until it hears them at trial**;**

(6) Defendant's Motion in Limine to exclude evidence that Lancaster's hired Chris Bishop back, (Doc. No. 50), is **DENIED;**

(7) Defendant's Motion in Limine to exclude evidence or reference to Chris Bishop's or Cherie Bishop's Marijuana use, (Doc. No. 50), is **GRANTED** unless the door is opened such that it becomes relevant for cross examination;

(8) Defendant's Motion in Limine to exclude settlement discussions, (Doc. No. 50), is **GRANTED**;

(9) Plaintiffs' Motion in Limine to exclude evidence related to references regarding Joe Phifer (Doc. No. 53) is **DEFERRED**, thus the Court will reserve ruling on evidence of Joe Phifer until trial;

(10) Plaintiffs' Motion in Limine to exclude evidence of public benefits Shana Knox received, (Doc. No. 54), is **GRANTED;**

(11) Plaintiffs' Motion in Limine to exclude evidence related to Shana Knox's subsequent employment history, (Doc. No. 55), is **DEFERRED** and the Court will reserve ruling on the admissibility of such evidence until hearing arguments at trial;

(12) Plaintiffs' Motion in Limine to exclude Shana Knox's criminal records (Doc. No. 75) is **CONDITIONALLY GRANTED**, unless the EEOC or Knox opens the door to such evidence;

(13) The notes compiled by Jeff Lancaster, which were submitted for *in camera* review, are **INADMISSIBLE**; and

(14) The EEOC's objection to Defendant's witness list and exhibit list is **OVERRULED.**

**SO ORDERED.**

Signed: September 22, 2020

Kenneth D. Bell
United States District Judge