# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### CIVIL ACTION NO. 5:18-CV-00180-KDB-DSC

|  |  |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| **Plaintiff,** | |
| **and** | |
| SHANA KNOX, | |
| **Intervenor,** | |
| **v.** | **ORDER** |
| JOE'S OLD FASHIONED BAR-B-QUE, INC. d/b/a LANCASTER'S BBQ & WINGS, | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Intervenor Shana Knox's "Renewed Motion for Judgment as a Matter of Law and Motion for New Trial," (Doc. No. 105), and "Intervenor's Motion to Disallow Costs," (Doc. No. 108). After careful consideration of the motions, the parties' related briefs and exhibits (Doc. Nos. 106, 107, 109, 110, 111), and all relevant portions of the record, the Court will deny Knox's motion for judgment as a matter of law and new trial, but will grant Knox's motion to disallow costs.

## I. BACKGROUND

In this case, Plaintiff Equal Employment Opportunity Commission ("EEOC") and Intervenor Shana Knox ("Knox") brought claims alleging that Defendant, Knox's employer, subjected her to a racially hostile work environment, constructively discharged her, and negligently retained fellow employee Chris Bishop. Following a jury trial, the jury returned a

1

verdict in favor of Defendant. A unanimous jury found that Knox was not subjected to a racially hostile work environment or constructively discharged. The jury further found that, while Knox did suffer emotional distress as a proximate result of the intentional or reckless conduct of Chris Bishop, her injury was not the result of the negligence of Defendant in hiring, supervising, and/or retaining Chris Bishop as an employee.[1]

## II. RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

Pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, a party may move for judgment as a matter of law before the case is submitted to the jury. If the court denies the motion made under Rule 50(a), Rule 50(b) allows the party to renew its motion for judgment as a matter of law after a jury verdict has been returned. "When a jury verdict has been returned, judgment as a matter of law may be granted only if, viewing the evidence in the light most favorable to the non-moving party (and in support of the jury's verdict) and drawing every legitimate inference in that party's favor, the only conclusion a reasonable jury could have reached is one in favor of the moving party." *Int'l Ground Transp., Inc. v. Mayor of Ocean City*, 475 F.3d 214, 218-19 (4th Cir. 2007).

Prior to the submission of the case to the jury, Knox orally moved for judgment as a matter of law on all claims against Defendant. The Court denied the motion. Knox now renews her motion for judgment as a matter of law on all claims against Defendant arguing that Defendant's failure to submit evidence left no dispute of fact as to any of the material elements of her claims. Considering the evidence in the light most favorable to Defendant and without retrying factual findings or credibility determinations the jury has reached, the Court finds that the evidence presented at trial is sufficient to support the jury's verdict. At trial, the parties elicited conflicting

---

[1] Despite its findings on liability, the jury awarded $6,400.00 in compensatory damages.

2

testimony regarding the material elements of Knox's claims, especially Defendant's knowledge of Chris Bishop's conduct towards Knox. [2] The jury weighed the conflicting testimony and found in favor of Defendant. Contrary to Knox's argument, Defendant's decision not to put on a case-in-chief and to rely on evidence elicited during cross-examination does not mean the jury's verdict "could only have been based on mere speculation and should therefore be nullified." (Doc. No. 106, at 10-11). A plaintiff bears the burden of proving his or her claims by a preponderance of the evidence regardless of whether the defendant chooses to put on evidence. Furthermore, there was ample opportunity for the jury, as the judges of the facts who determine the credibility of the witnesses, to reject in whole or in part evidence Knox offered on her claims. Given the amount of conflicting testimony in this case and the credibility issues it presented, the jury could have reasonably found in favor of Defendant on Knox's hostile work environment, constructive discharge, and negligent hiring, retention, and/or supervision claims. As a result, Knox has not provided evidence to overcome the very high standard necessary to grant a motion for judgment as a matter of law.

### III.    MOTION FOR NEW TRIAL

Under Rule 59(a), "[a] district court may grant a new trial only if the verdict: (1) is against the clear weight of the evidence; (2) is based upon false evidence; or (3) will result in a miscarriage of justice." *EEOC v. Consol Energy Inc.*, 860 F.3d 131, 145 (4th Cir. 2017). "A district court's denial of a motion for a new trial is reviewed for abuse of discretion, and will not be reversed save in the most exceptional circumstances." *Minter v. Wells Fargo Bank, N.A.*, 762 F.3d 339, 346 (4th Cir. 2014) (quotation marks omitted).

---

[2] Notably, while Knox argues in her motion for judgment as a matter of law that the only conclusion a reasonable jury could have reached is one in her favor, she argues that "the case was a close call as to liability" in her Motion to Disallow Costs. (Doc. No. 109, at 4).

Knox contends she is entitled to a new trial because the jury's verdict is against the clear weight of the evidence and resulted in a miscarriage of justice. Knox's arguments in support of her motion for a new trial are materially the same as those given in support of her motion for judgment as a matter of law. Thus, for the reasons stated above, Knox has failed to show that the jury's verdict is against the clear weight of the evidence or results in a miscarriage of justice.

## IV. MOTION TO DISALLOW COSTS

On November 5, 2020, Defendant filed his Bill of Costs, (Doc. No. 103), and a Notice of Intent Regarding Bill of Costs, (Doc. No. 104), stating that all costs are sought against Intervenor Shana Knox. Defendant further states in his Notice of Intent that "[s]hould Intervenor Knox forego post-trial motions and waive appeal, Defendant intends to withdraw its Bill of Costs."

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides in pertinent part: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. Fed. R. Civ. P. 54(d)(1). However, whether to award costs and the amount of costs to be awarded are matters within the discretion of the trial court. *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013); *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999).

Although the district court has discretion to deny an award of costs, it must "articulat[e] some good reason" for its denial. *Cherry*, 186 F.3d at 446. Among the factors that justify denying an award of costs are: (1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided. *Ellis v. Grant Thornton LLP*, 434 Fed. App'x 232, 235 (4th Cir. 2011) (citing *Cherry*, 186 F.3d at 446). "Moreover, although the unsuccessful party's 'good faith in pursuing an action is a virtual

4

prerequisite to receiving relief from the normal operation of Rule 54(d)(1), that party's good faith, standing alone, is an insufficient basis for refusing to assess costs against that party.'" *Id.* (quoting *Cherry*, 186 F.3d at 446).

The Court finds that Knox's inability to pay would make it "unjust or inequitable to enforce Rule 54(d)(1) against her." *Cherry*, 186 F.3d at 447. The Court has considered Knox's affidavit submitted in support of her motion to disallow costs. In her affidavit, Knox states that she receives food stamps and Medicaid for her and her family, her four children receive free lunch through the public school system's program, her housing is paid through the federal HUD program, and her apartment manager currently gives her a $60 utility assistance check to aid in paying the electricity bill each month. (Doc. No. 108-1). The Court finds Knox's financial means to be sufficiently modest that she would be unable to pay the $5,779.10 in costs.

Further, the Court finds that the issues decided in this case were sufficiently difficult or close to support refusing to assess costs against Knox. While Title VII, § 1981, and state tort claims are not particularly novel or complex, the factual issues presented in this matter were difficult and indeed "hotly contested at trial." *See Ellis*, 434 F. App'x at 235. Thus, the relevant factors, including Knox's good faith in filing suit, weigh in favor of not taxing the costs of this action to Knox.

## V.  ORDER

**IT IS THEREFORE ORDERED** that:

(1) Intervenor's Renewed Motion for Judgment as a Matter of Law and Motion for New Trial, (Doc. No. 105), is **DENIED**; and

(2) Intervenor's Motion to Disallow Costs, (Doc. No. 108), is **GRANTED**.

5

**SO ORDERED.**

Signed: December 11, 2020

Kenneth D. Bell
United States District Judge